UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-0343 |
| VERSUS | JUDGE DONALD E. WALTER |
| ANDERSON CURTEL DUKE | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by Petitioner Anderson Curtel Duke ("Duke"). See Record Document 142. The Government opposes the motion. See Record Document 147. For the reasons assigned below, Duke's motion is **DENIED**.

BACKGROUND

On December 12, 2018, Duke was indicted on the following violations of Title 21, United States Code, Section 841(a)(1): distribution of fentanyl resulting in the death of Cara Byrd (Count 1); distribution of fentanyl (Count 2); possession with intent to distribute fentanyl (Counts 3 and 4); possession with intent to distribute heroin (Count 5); possession with intent to distribute five grams or more of methamphetamine (Count 6); and distribution of heroin (Counts 7, 8, and 9). See Record Documents 1 and 147 at 2. Michael Dubos ("Mr. DuBos") was appointed to represent Duke. See Record Document 11.

On May 10, 2019, Duke filed a motion to suppress his post-arrest statements, which the Court ultimately denied. See Record Documents 28 and 47. On February 12, 2019, Duke was charged with a Superseding Indictment, which was identical to the original Indictment, but added that Duke was subject to increased punishment under Title 21, United States Code, Section

841(b)(1). See Record Document 1. Duke's increased punishment was due to his status as a career offender stemming from three previous drug felonies, including a conviction for attempted distribution of marijuana in violation of Louisiana Revised Statute 40:966. See id. On February 28, 2020, Duke was convicted of one count of possession with intent to distribute heroin and two counts of possession with intent to distribute fentanyl, and was subsequently sentenced by this Court to 288 months in prison.[1] See Record Documents 103 and 120. Duke appealed his conviction and sentence, focusing his arguments on the motion to suppress, sufficiency of the evidence, and the application of the career offender enhancement. See Record Document 136. Ultimately, the Fifth Circuit affirmed Duke's conviction and sentence. See id. Thereafter, Duke filed a petition for writ of certiorari with the United States Supreme Court, which the Supreme Court denied. See Record Document 138. On March 8, 2023, Duke filed the instant motion in which he argues that he had ineffective assistance of counsel at the trial and appellate levels and asks the Court to "[t]ake all extra points off of his sentence and resentence petitioner." Record Document 142.

## SECTION 2255 STANDARD

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotations omitted). Specifically, a convicted defendant may file a motion under Section 2255 to (1) allege constitutional issues; (2) challenge the district court's jurisdiction to impose the sentence; (3) challenge the length of a sentence in excess of the

---

[1] The Court dismissed and/or declared a mistrial as to the remaining counts. See Record Documents 97, 104, and 105.

statutory maximum; and (4) allege that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). "[I]neffective assistance of counsel claims are properly presented in a § 2255 proceeding." United States v. Celestine, 06-CR-60059, 2014 WL 5488389, at *3 (W.D. La. Oct. 24, 2014).

## ANALYSIS

The Sixth Amendment guarantees a criminal defendant the right to assistance of counsel, which "has long been recognized . . . [as] the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 789 n.14, 90 S. Ct. 1441, 1458 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Wash., 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To prevail on an ineffective assistance of counsel claim, the defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the deficiency was prejudicial to the defense." Anaya v. Lumpkin, 976 F.3d 545, 550-51 (5th Cir. 2020) (internal quotations and citation omitted). To establish prejudice, the "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 446 U.S. at 694, 104 S. Ct. at 2068. There exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 687, 104 S. Ct. at 2065 (quoting Michel v. State of La, 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)).

Duke argues that Mr. DuBos was ineffective as counsel and offers three bases in support of this argument. First, Duke claims that Mr. DuBos was ineffective for failing to raise in his

3

original brief to the Fifth Circuit Kisor v. Wilkie, 139 S. Ct. 2400 (2019), a Supreme Court decision which Duke argues would have barred the application of the career offender enhancement to his sentence. See Record Document 142 at 4. Second, and relatedly, Duke argues that Mr. DuBos was ineffective for failing to contest the constitutionality of the career offender enhancement in Duke's petition for writ of certiorari to the Supreme Court. See id. at 5. Finally, Duke argues that "[Mr. DuBos] was ineffective for failing to challenge the Louisiana State Statute being overbroad as to marijuana not being a controlled substance offense." Id. at 9.

A. Mr. DuBos's Failure to Raise Kisor v. Wilkie

Duke's first argument in support of his ineffective assistance of counsel claim is that Mr. DuBos failed to raise case law which Duke argues would have prevented his sentence from being increased under the career offender enhancement. The career offender enhancement applies to defendants who, among other things, have at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1. Notably, the text of the United States Sentencing Guidelines (the "Guidelines") itself does not define attempted offenses as constituting crimes of violence or controlled substance offenses. However, the comments to the Guidelines define "crime of violence" and "controlled substance offense" as encompassing "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, cmt. n.1. Based on this commentary, the Fifth Circuit has long considered "[t]he Sentencing Commission [to] lawfully include[] drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1 of the Sentencing Guidelines." United States v. Lightbourn, 115 F.3d 291, 293 (5th Cir. 1997). In 2019, the Supreme Court decided Kisor v. Wilkie, which limited the effect of agency decisions by finding that agencies should only be afforded deference if a "regulation is genuinely ambiguous." 139 S. Ct. 2400, 2415, 204

4

L.Ed.2d 841 (2019). In his motion, Duke argues that Mr. DuBos should have raised <u>Kisor</u> and argued that the commentary to the Guidelines should not be given deference because § 4B1.2 is not genuinely ambiguous and without this deference, Duke's conviction for attempted distribution of marijuana does not qualify him for the career offender enhancement.[2] Duke argues that Mr. DuBos's failure to "bring this solid, meritorious argument on direct appeal based on directly controlling precedent" constitutes ineffective assistance of counsel. Record Document 142 at 4.

The Court disagrees. As an initial matter, Mr. DuBos's failure to raise the <u>Kisor</u> argument does not fall below the objective standard of reasonableness. Despite Duke's insistence to the contrary, <u>Kisor</u> is not "directly controlling precedent" in the Fifth Circuit. Record Document 142 at 4. In fact, during the briefing period for Duke's appeal, the clearly established law in the Fifth Circuit was that inchoate offenses <u>could</u> form the basis for a career offender enhancement. Duke's insistence that Mr. DuBos should have raised an argument that was, at the time of Duke's appeal, novel and contrary to binding precedent, cannot form the basis of an ineffective assistance of counsel claim. See <u>Jones v. Davis</u>, 673 F. App'x 369, 375 n.54 (5th Cir. 2016) ("Counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts, and failure to raise a novel argument based on admittedly unsettled legal questions does not render his performance constitutionally ineffective.") (quoting <u>Ragland v. United States</u>, 756 F.3d 597, 601 (8th Cir. 2014)). "While the Constitution guarantees criminal defendants a competent attorney, it does not insure that defense counsel will recognize and raise every conceivable . . . claim." <u>Jones</u>, 673 F. App'x at 375 n.54 (internal quotations and citations omitted). Accordingly, Mr. DuBos's failure

---

[2] Mr. DuBos did raise such an argument in Duke's reply brief. However, because it was not raised in Duke's initial brief, the Fifth Circuit deemed the argument waived and declined to address it. <u>See</u> Record Document 136 at 6.

to argue that Kisor bars inchoate offenses for being the basis of the career offender provision does not constitute ineffective assistance of counsel.

Moreover, even if Mr. DuBos's failure to raise the Kisor argument was objectively unreasonable, Duke has not shown that Mr. DuBos's conduct prejudiced him. Notably, since Duke's appeal, there has been some traction for the argument that Kisor bars inchoate offenses from being considered as the basis for the career offender enhancement.[3] However, the Fifth Circuit continues to consider this issue and has not yet overturned its precedent allowing inchoate offenses to form the basis of the career offender enhancement. Thus, Duke cannot show that raising the applicability of Kisor to the career offender enhancement would have changed the outcome of his appeal.

B. Mr. DuBos's Failure to Raise Arguments to the United States Supreme Court

Next, Duke argues that Mr. DuBos was ineffective for failing to raise certain arguments in Duke's petition to the Supreme Court. However, granting petitions for writ of certiorari by the Supreme Court is discretionary and it is well settled that defendants do not have a right to counsel in pursuing discretionary review. See United States v. Moreno, No. 03-CR-235, 2009 WL 676660, at *8 (S.D. Tex. Mar. 11, 2009) (citing Ross v. Moffitt, 417 U.S. 600, 616-17, 94 S. Ct. 2437 (1974) and Pa. v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990 (1987)). Therefore, Mr. DuBos's performance as Duke's attorney in pursuing a petition for a writ of certiorari cannot be the basis of an ineffective assistance of counsel claim. See id. ("Because [the defendant] had no

---

[3] In May 2022, the Fifth Circuit found that "Kisor does not contain the unequivocal override needed to get past our precedent" that inchoate offenses may be the basis for the career offender enhancement. United States v. Vargas, 35 F.4th 936, 938 (5th Cir. 2022) (internal quotations and citations omitted). Shortly after, the Fifth Circuit vacated the Vargas decision and granted a rehearing en banc. See United States v. Vargas, 45 F.4th 1083 (Mem) (5th Cir. 2022). The Fifth Circuit has not yet released its ruling.

6

constitutional right to the assistance of counsel to pursue a petition for a writ of certiorari, he has no viable claim that his Sixth Amendment right to effective assistance of counsel was violated.").

    C. <u>Mr. DuBos's Failure to Argue that Louisiana Revised Statute Section 40:966 Is Unconstitutional</u>

Finally, Duke argues that Mr. DuBos "was ineffective for failing to challenge the Louisiana State Statute being overbroad as to marijuana not being a controlled substance offense." Record Document 142 at 9. However, as explained <u>supra</u>, the Constitution "does not insure that defense counsel will recognize and raise every conceivable . . . claim." <u>Jones</u>, 673 F. App'x at 375 n.54 (internal quotations and citations omitted). Mr. DuBos's failure to raise every possible available defense cannot be considered below the objective standard of reasonableness guaranteed by the Constitution. Moreover, Duke's proposed argument appears to lack any merit. Duke does not offer any support for his position that Louisiana Revised Statute Section 40:966, the statute which categorizes marijuana as a controlled substance, is overly broad and therefore, there is no reason to suggest that even if Mr. DuBos had raised this argument, it would have changed Duke's sentence or appeal. Accordingly, Mr. DuBos's failure to challenge Louisiana Revised Statute Section 40:966 as unconstitutional does not constitute ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Duke's Motion to Vacate Under 28 U.S.C. 2255 is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of September, 2023.

                                                DONALD E. WALTER
                                         UNITED STATES DISTRICT JUDGE